UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 15, 2018

Tanya Lee Middleton
4730 Bonnie Brae Rd.
Pikesville, MD 21208

Kavita Sahai, Esq.
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

       RE:   *Tanya Lee Middleton v. Commissioner, Social Security Administration*;
              Civil No. SAG-17-1442

Dear Ms. Middleton and Counsel:

      On May 24, 2017, Plaintiff Tanya Lee Middleton, who proceeds *pro se*, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. [ECF No. 1]. I have considered the Commissioner's Motion for Summary Judgment.[1] [ECF No. 17]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 4051(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Middleton protectively filed her claims on December 1, 2011, alleging a disability onset date of November 1, 2011. (Tr. 156-69). Her claims were denied initially and on reconsideration. (Tr. 59-113). A hearing, at which Ms. Middleton declined to be represented by counsel, was held on January 14, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 26-51). Following that hearing, the ALJ determined that Ms. Middleton was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-20). The Appeals Council denied Ms. Middleton's request for review, (Tr. 4-9), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] Ms. Middleton did not file a Motion for Summary Judgment. On January 17, 2018, the Clerk sent Ms. Middleton a Rule 12/56 letter, explaining the potential consequences of failing to respond to the Commissioner's Motion for Summary Judgment. [ECF No. 18]. Ms. Middleton did not file any response.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law in applying the sequential evaluation, although he ended his inquiry at step one and did not reach all five steps. The ALJ determined, at step one, that Ms. Middleton had engaged in substantial gainful activity from her alleged onset date of November 1, 2011 through the date of the ALJ's opinion. (Tr. 17); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

The record reflects that Ms. Middleton worked as a self-employed hair stylist for many years. Ms. Middleton testified that, in 1990, she reduced her work from full-time to part-time due to problems with her hands. (Tr. 33-34). However, the ALJ noted that, in 1989, Ms. Middleton had earned $10,764.00, and in 2012, after the alleged onset date, Ms. Middleton earned $10,846.00. (Tr. 17, 170-72). The ALJ provided a review of Ms. Middleton's annual earnings and noted that her earnings actually increased between 2010-2014, which is the time frame in which she seeks disability benefits. (Tr. 18). Ms. Middleton testified at the hearing that she had worked part-time, three to four days per week, as a hair stylist throughout that period. (Tr. 32).

The ALJ properly cited the applicable regulations which must be applied to determine whether a claimant is engaged in substantial gainful activity (SGA). In a case, like Ms. Middleton's, involving a non-blind, self-employed claimant, a claimant's work constitutes SGA if she (1) rendered services that are significant to the operation of the business, and (2) received a substantial income. 20 C.F.R. §§ 404.1575(a)(2)(i); 416.975(a)(2). For the first factor, services are significant if the claimant operates the business alone and is not a farm landlord. *Id.* Thus, Ms. Middleton's services are significant to her hair stylist business. In considering the second factor, substantial income is measured by first determining the claimant's net income, or countable income. 20 C.F.R. §§ 404.1575(c), 416.975(c). The countable income is averaged over a twelve-month period and then measured against the amounts set forth in 20 C.F.R. 404.1574(b)(2) and 416.974(b)(2). A claimant's averaged countable income is found to be substantial if: (1) it exceeds the amounts set forth in those subsections; (2) it is less than those amounts, but is comparable to the average monthly income before the claimant became seriously impaired; or (3) it is less than those amounts, but is comparable to the earnings of unimpaired self-employed persons in the claimant's community in the same or similar business. *Id.*

Applying that test to Ms. Middleton's situation, her average monthly earnings fall below the monthly SGA amounts in 20 C.F.R. §§ 404.1574(b)(2) and 416.974(b)(2). However, her

averaged countable income is comparable to her average monthly income before her alleged onset date of November 1, 2011. In fact, as the ALJ noted, in 2012, Ms. Middleton earned significantly more than she had earned in 2009. (Tr. 19). Due to the comparable and, in fact, generally increased income after the alleged onset of disability, Ms. Middleton was engaged in SGA under the regulations during the period in which she sought disability benefits. She did not establish any continuous twelve-month period during which she did not engage in SGA, and accordingly cannot be disabled as defined in the Social Security Act.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Middleton's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find that the ALJ supported his conclusion with substantial evidence.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, (ECF No. 17), is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge